UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICARDO TELLEZ GOMEZ,<br><br>　　　　　Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>　　　　　Respondents. | CASE NO. 2:25-cv-2248<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Petitioner Ricardo Tellez Gomez's Motion for Temporary Restraining Order. Dkt. No. 2. He asks the Court to prevent Respondents from transferring him from the Northwest ICE Processing Center in Tacoma, Washington to any other facility during the pendency of these proceedings.

Federal Rule of Civil Procedure 65 empowers the court to issue a TRO. Fed. R. Civ. P. 65(b). Like a preliminary injunction, a TRO is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (the standards applicable to TROs and preliminary injunctions are "substantially identical"). The Court will not "mechanically" grant an injunction for every violation of law. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982). Instead, plaintiffs seeking a TRO must establish that (1) they are "likely to succeed on the merits," (2) they

are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20. The mere "possibility" of irreparable harm is insufficient; instead, the moving party must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id.* at 22.

Here, Tellez Gomez raises only a mere possibility of irreparable harm. He states that "hundreds of detainees have been transferred to other ICE detention facilities in the middle of the night with little to no notice," but Tellez Gomez himself "has not yet been told that his transfer is imminent." Dkt. No. 2 at 5. And "[i]f" he is transferred to another ICE detention facility in another part of the country, there is a "real threat" that he will be "denied access to counsel of his choosing." *Id.* at 3. This speculation is not enough to establish that imminent harm is likely. *See, e.g.*, *Amylin Pharms., Inc. v. Eli Lilly & Co.*, 456 F. App'x 676, 679 (9th Cir. 2011) ("Because Amylin's injury regarding Bydureon sales is not imminent, but rather may occur at some indefinite time in the future, the injury does not support injunctive relief."). Accordingly, Tellez Gomez's motion is DENIED.

Dated this 11th day of November, 2025.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2