1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Case No. C25-2248-RSM

RICARDO TELLEZ GOMEZ,

                Petitioner,

      v.

PAMELA BONDI, United States Attorney
General, *et al.*,

            Respondents.

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Ricardo Tellez Gomez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Dkt. #1.  The Court has reviewed the petition, the Response filed by the Government, Dkt. #8, a reply, Dkt. #10, and the remainder of the record.  The parties generally agree as to the core facts of this case and disagree only about the application of law.

Petitioner Ricardo Tellez Gomez entered the United States without inspection over fifteen years ago, was arrested by ICE, and is presently detained at the Northwest ICE Processing Center in Tacoma, Washington.  He has resided in the United States continuously since 2010.

On November 10, 2025, an immigration judge denied Petitioner's bond request based on lack of jurisdiction, finding that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). The immigration judge ruled that, in the alternative, if mandatory detention did not apply, she would have set bond at $8,000.  *See* Dkt. #1-2, ("Smith Decl."), 3-4.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 1

The Department of Homeland Security ("DHS") and the Executive Office for Immigration Review ("EOIR") each have nationwide policies mandating the detention of all persons who entered without admission or parole, regardless of whether that person was apprehended upon arrival.  Most recently, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), the Board of Immigration Appeals ("BIA") held that all persons who have entered the United States without admission or parole are now subject to mandatory detention under § 1225(b)(2)(A).

Prior to the filing of this petition, this Court declared the above policy likely unlawful. *See Rodriguez Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025).

Petitioner argues that his detention based on § 1225(b)(2) violates the plain language of the Immigration and Nationality Act.  Section 1225(b)(2)(A) does not apply to individuals like Petitioner, who previously entered and are now residing in the United States.  Instead, such individuals are subject to a different statute, § 1226(a), that allows for release on conditional parole or bond.  § 1226(a) expressly applies to people who, like Petitioner, are charged as inadmissible for having entered the United States without admission or parole.

Respondents acknowledge that the Court in *Rodriguez Vazquez* has now granted summary judgment and found that detention pursuant to 8 U.S.C. § 1225(b)(2) of the defined class is unlawful.  *Rodriguez Vazquez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025).  Dkt. #8 at 1.  That decision is being appealed.  Respondents state "While Federal Respondents do not agree with the *Rodriguez Vazquez* decision and are still weighing their options on how to proceed, they do not oppose this Petitioner being considered members [sic] of the Bond Denial Class for purposes of this litigation. . . . If the Court were to grant the habeas petition with respect to this Petitioner, the appropriate relief would be for him

to be released upon payment of the bond amount ($8,000) found in the alternate order by the Immigration Judge in his bond hearing." *Id*. at 3.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  In this case, Petitioner contends that his arrest and detention violate the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V.  The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

The Court finds that Petitioner is a member of the Bond Denial Class in *Rodriguez Vazquez*, *supra*, and that the appropriate relief in this case is release upon payment of the $8,000 bond amount found in the alternative by the Immigration Judge above.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED.  The Court ORDERS that Petitioner shall be released from custody immediately, upon payment of bond.  The Government shall make every available effort to expedite this process.

DATED this 21st day of November, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 3